IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.  Case No.: 23-cr-76-wmc

KENNETH HERRERA,

Defendant.

# PLEA AGREEMENT

1. This is the proposed plea agreement between the defendant and the United States, through the United States Attorney's Office for the Western District of Wisconsin and the Environment and Natural Resources Division of the United States Department of Justice, in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to waive indictment and plead guilty to the one-count information filed by the United States Attorney's Office. This count charges a violation of Title 18, United States Code, Section 48(a)(2) and (b)(2), and Title 18, United States Code, Section 2, which carries maximum penalties of seven years in prison, a $250,000 fine, a three-year period of supervised release, and a mandatory $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5. **APPELLATE RIGHTS WAIVER:** The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this case. By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction and any sentence of imprisonment, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

6. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

On December 28, 2021, a videographer (KS) in Indonesia sent an encrypted message, via an online messaging app, to the defendant. KS attached a photograph of a juvenile macaque (monkey) to the message and told the defendant, "if you want, it's only 100 that's okay. I've already bid. Who got it was my neighbor. So cheap." Five minutes later, the defendant replied, "Yea, I'll take it :-)." KS asked the defendant if he wanted "Pliers or hammer." The defendant told KS, "Both. Use hammer to break hands, arms, feet. Use pliers to smash genitals and pick him up by the penis and slam him onto the ground many times. Only pick up by his genitals by pliers. Use pliers to pick him up by the lips then crack him on the head in the face with the hammer."

On December 29, 2021, the defendant sent $100, via an online payment platform, to KS. The defendant also sent KS a screenshot of the payment confirmation. In the payment's memo line, the defendant stated, "Neighbor monkey troubles." Bank records show this payment caused an instant transfer from the defendant's checking account at a bank in Prairie du Chien, Wisconsin.

On December 30, 2021, KS sent the defendant ten video files. A special agent from the Federal Bureau of Investigation (FBI) reviewed these videos and provided the following description for one video:

> "IMG_8787.MP4 is a video file approximately 1:44 in length. In the video an unidentified male wearing sandals is seen holding a young monkey down on the ground while using pliers to squeeze the monkey's genitals. At one point in the video, the unknown

2

male uses the pliers to lift the monkey by its genitals, suspended, and then proceeds to slam the monkey into the ground several times all while using the pliers to grip the monkey's genitals."

On January 26, 2022, agents from the FBI and U.S. Fish and Wildlife Service (USFWS) interviewed the defendant. During this interview, the defendant admitted that he ordered monkey videos from KS. The defendant also acknowledged that he used the online payment platform to pay KS for the videos. The defendant used his cellular phone in Soldiers Grove, Wisconsin when he ordered the videos and communicated with KS.

The defendant acknowledges that Soldiers Grove is in the Western District of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

7. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The Environment and Natural Resources Division further agrees not to prosecute the defendant for any other offenses related to the offense charged in the information, including offenses committed in the Southern District of Ohio. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

8. **COOPERATION:** The defendant agrees to make a full, complete, and truthful statement regarding his involvement in criminal conduct, as well as the involvement of all other individuals known to the defendant. The defendant agrees to testify fully and truthfully at any trials or hearings. The defendant understands that this plea agreement is not conditioned upon the outcome of any trial. This agreement is, however, contingent upon complete and truthful testimony in response to questions asked by the Court, the prosecutor or lawyers for any party.

9. If the defendant provides substantial assistance before sentencing, the United States agrees to move the Court to impose a sentence reflecting that assistance. If the defendant provides substantial assistance after sentencing, the United States agrees to move the Court pursuant to Federal Rule of Criminal Procedure 35 to reduce the defendant's sentence to reflect that assistance. The decision whether to make such a request based upon substantial assistance rests entirely within the United States'

3

discretion. The defendant acknowledges that even if the United States makes such a request, the Court is not required to reduce the defendant's sentence.

10. The United States further agrees that the defendant's statements made pursuant to this plea agreement will not be directly used against the defendant. However, direct use of financial disclosures made by the defendant pursuant to this plea agreement is permitted. Moreover, indirect use of all statements is permitted. This indirect use includes pursuing leads based upon information provided by the defendant, as well as the use of the statements themselves for impeachment and rebuttal purposes, should the defendant, at any point, be allowed to withdraw his guilty plea. These indirect uses are permitted if the defendant testifies inconsistently with the substance of these statements or otherwise presents a position inconsistent with these statements.

11. The parties agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the provisions of USSG § 1B1.8 apply to this case and that information provided by the defendant under the terms of this plea agreement will not be used to determine his sentence, except as otherwise indicated in USSG § 1B1.8(b).

12. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before August 14, 2023.

13. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

14. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

15. **SENTENCING RECOMMENDATIONS:** The defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence that will be imposed. The defendant also acknowledges his understanding that the Court may not accept the recommendations, which may be made by the United States, and that the Court can impose any sentence up to and including the maximum penalties set out above.

16. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

17. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

08/14/2023

By: _____
CHADWICK M. ELGERSMA
Assistant United States Attorney

Date

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

8/14/2023

By: _____
MARK T. ROMLEY
Trial Attorney

Date

8/11/23
Date

_____
RICHARD A. COAD
Attorney for the Defendant

8-8-2023
Date

_____
KENNETH HERRERA
Defendant

## ACKNOWLEDGEMENTS

I, KENNETH HERRERA, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

8-8-2023
Date

KENNETH HERRERA
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

8/11/23
Date

RICHARD A. COAD
Attorney for Defendant

7